| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF AIKEN<br><br>First Citizens Bank and Trust Company, Inc.,<br><br>        Plaintiff,<br><br>-vs-<br><br>Edward F. Scanlon; Debra J. Scanlon; Department of Treasury - Internal Revenue Service,<br><br>        Defendant(s). | IN THE COURT OF COMMON PLEAS<br><br>CASE NO. 2013CP02 01082<br><br>**NOTICE OF RIGHT TO<br>FORECLOSURE INTERVENTION**<br><br>COPY<br>ORIGINAL FILED<br><br>MAY 14 2013  KC<br>                 8:30<br>AIKEN COUNTY<br>CLERK OF COURT |

TO: Edward F. Scanlon

PLEASE TAKE NOTICE THAT pursuant to the Supreme Court of South Carolina Administrative Order 2011-05-02-01, you may be eligible for foreclosure intervention programs for the purpose of resolving the above referenced foreclosure action. If you wish to be considered for a foreclosure intervention program, please submit a written request to **B. Lindsay Crawford, III or Sara Hutchins, Crawford & von Keller, PO Box 4216, Columbia, SC 29240** within thirty (30) days from the service of this notice.

When submitting your request, or soon as possible thereafter, provide the following documentation:

    1.    A signed statement that details any hardship that may exist.
    2.    Evidence of income from all sources, including, but not limited to, pay check stub, Social Security income statement, retirement income statement, disability income statements, leave and earnings statements.
    3.    An itemized list of all household expenses per month.
    4.    Verification of contact information that include home, cellular and employment telephone number, and e-mail address.
    5.    Any other documents(s) and/or information that will help determine your qualification for assistance through loss mitigation options.

Written request for consideration for foreclosure intervention **MUST** be received within thirty days (30) of the service of this notice.

        **IF YOU FAIL, REFUSE, OR VOLUNTARILY ELECT NOT TO PARTICIPATE
IN THIS FORECLOSURE INTERVENTION PROCESS, THE FORECLOSURE**

**Exhibit A**

ACTION MAY PROCEED

*[signature]*

Theodore von Keller, Esquire
B. Lindsay Crawford, III, Esquire
Sara Hutchins, Esquire
Adam Schanz, Esquire
Crawford & von Keller, LLC.
PO Box 4216
Columbia, SC 29240
Phone: 803-790-2626

Columbia, South Carolina
April 10, 2013

Attorneys for Plaintiff

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF AIKEN<br><br>First Citizens Bank and Trust Company, Inc.<br><br>Plaintiff,<br><br>-vs-<br><br>Edward F. Scanlon; Debra J. Scanlon; Department of Treasury - Internal Revenue Service,<br><br>Defendant(s). | IN THE COURT OF COMMON PLEAS<br><br>CASE NO. 2013 RP 0200298<br><br>2013 CP 02 01082<br>LIS PENDENS<br><br>COPY<br>ORIGINAL FILED<br><br>MAY 14 2013  KC<br>AIKEN COUNTY   8:30<br>CLERK OF COURT |

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this Court upon the Complaint of the above-named Plaintiff for the foreclosure of a certain mortgage of real estate given by Edward F. Scanlon to First Citizens Bank and Trust Company, Inc. dated March 27, 2006, and recorded in the Office of the Register of Deeds for Aiken County on March 31, 2006 at in Book 4055 ar Page 723. The premises covered and affected by the said mortgage and the foreclosure thereof, were, at the time of making thereof and at the time of the filing of the Lis Pendens, as described on the attached Exhibit "A".

Theodore von Keller, Esquire
B. Lindsay Crawford, III, Esquire
Sara Hutchins, Esquire
Adam Schanz, Esquire
Crawford & von Keller, LLC.
PO Box 4216
1640 St. Julian Place (29204)
Columbia, SC 29240
Phone: 803-790-2626

Columbia, South Carolina
April 10, 2013

Attorneys for Plaintiff

EXHIBIT "A"

ALL that certain piece, parcel or tract of land, with all improvements thereon, situate, lying and being located West of Highway 575 in the Kitchings Mill Area In the County of Aiken, State of South Carolina, containing 150.0 acres, more or less, as shown on plat prepared by Benjamin B. Christensen, PLS, dated February 17, 2004, recorded in Plat Book 47, at Page 272-2, RMC for Aiken County. Reference being made to said plat for a more complete description of the metes, bounds, distances and location of said property.

BEING the same property conveyed unto Edward F. Scanlon and Debra J. Scanlon by deed of American Escrow Company, a Texas corporation, recorded in Deed Book 2433, at Page 257, RMC for Aiken County.

TMS # 221-00-05-022

Physical Address: 376 Burkelo Rd., Wagener, SC 29164

COPY
ORIGINAL FILED

MAY 14 2013

AIKEN COUNTY
CLERK OF COURT

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF AIKEN | |

First Citizens Bank and Trust Company, Inc.

Plaintiff,

-vs-

Edward F. Scanlon; Debra J. Scanlon; Department of Treasury - Internal Revenue Service

Defendant(s),

CIVIL ACTION COVERSHEET

Case No.: 2013CP02 01082

**COPY**
**ORIGINAL FILED**
MAY 14 2013    KC
                 8:30

AIKEN COUNTY
CLERK OF COURT

Submitted By: B. Lindsay Crawford, III    SC Bar #: 6510
              Theodore von Keller         SC Bar #: 5718
              Sara Hutchins               SC Bar #: 72879
              Adam Schauz                 SC Bar #: 80181
Address:      1640 St. Julian Place       Telephone #: (803) 790-2626
              Columbia, SC 29204          Fax #:       803-790-1277
                                          Email:       lindsay@crawfordvk.com, ted@crawfordvk.com,
                                                       sara@crawfordvk.com adam@crawford.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this Cover Sheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint                ☐ NON-JURY TRIAL demanded in complaint
☐ This case is subject to ARBITRATION pursuant to Circuit Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Annexed Alternative Dispute Resolution Rules.
■ This case is exempt from ADR (Proof of ADR/Exemption Attached).

**NATURE OF ACTION** *(Check One Box Below)*

| Contracts | Torts-Professional Malpractice | Torts-Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ■ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # 20__-CP- | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Notice/File Med Mal (230) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Other (299) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Driver's License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture-Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| | | ☐ Petition for Workers Compensation Settlement Approval (780) | |

| Special /Complex/Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Other (799) | ☐ Other (999) |
| ☐ Automobile Arb (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-Of State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-Of-County Action (660) | | |
| ☐ | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _[signature]_                    Date: 5/9/13

SCCA/234 (04/2012)

Page 1

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10, *et seq.*

# FOR MANDATED ADR COUNTIES ONLY
Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), Richland Union and York

## SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

### You are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code ' 15-79-125 shall be held no later than 120 days after all defendants are served with the "Notice of Intent to File Suite" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special Proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals;

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF AIKEN<br><br>First Citizens Bank and Trust Company, Inc.<br><br>Plaintiff,<br><br>-vs-<br><br>Edward F. Scanlon; Debra J. Scanlon; Department of Treasury - Internal Revenue Service,<br>Defendant(s). | IN THE COURT OF COMMON PLEAS<br>CASE NO.<br>2013CP0201082<br><br>COPY<br>ORIGINAL FILED<br>MAY 14 2013  KC<br>AIKEN COUNTY  8:30<br>CLERK OF COURT |

## CERTIFICATE OF EXEMPTION FROM ADR
### I CERTIFY THAT THIS ACTION IS EXEMPT FROM ADR BECAUSE:

\_\_\_\_\_ this is a special proceeding or action seeking extraordinary relief such as mandamus, habeas corpus or prohibition;

\_\_\_\_\_ this action is appellate in nature;

\_\_\_\_\_ this is a post-conviction relief matter;

\_\_\_\_\_ this is a contempt of court proceeding;

\_\_\_\_\_ this is a forfeiture proceeding brought by the State;

\_\_X\_\_ this is a case involving a mortgage foreclosure; or

\_\_\_\_\_ the parties submitted the case to voluntary mediation with a certified mediator prior to the filing of this civil action.

                                                              Theodore von Keller, Esquire
                                                              B. Lindsay Crawford, III, Esquire
                                                              Sara Hutchins, Esquire
                                                              Adam Schanz, Esquire
                                                              Crawford & von Keller, LLC.
                                                              PO Box 4216
                                                              1640 St. Julian Place (29204)
                                                              Columbia, SC 29240
                                                             Phone: 803-790-2626

Columbia, South Carolina
April 10, 2013

                                                              Attorneys for Plaintiff

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF AIKEN | IN THE COURT OF COMMON PLEAS<br><br>CASE NO.: 2013CP0201082 |
| First Citizens Bank and Trust Company, Inc.<br><br>Plaintiff,<br><br>-vs-<br><br>Edward F. Scanlon; Debra J. Scanlon; Department of Treasury - Internal Revenue Service,<br><br>Defendant(s). | **SUMMONS**<br>(Reformation of Mortgage)<br>(Mortgage Foreclosure)<br>Non-Jury<br>(Deficiency Judgment Demanded<br><br>C O P Y<br>ORIGINAL FILED<br><br>MAY 14 2013  KC<br>AIKEN COUNTY   8:30<br>CLERK OF COURT |

TO THE DEFENDANT(S) ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer on the subscribers at their offices, Crawford & von Keller, LLC., PO Box 4216, Columbia, SC 29240, within thirty (30) days after service hereof, exclusive of the day of such service; except that the United States of America, if named, shall have sixty (60) days to answer after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for a judgment by default granting the relief demanded in the Complaint.

**TO MINOR(S) OVER FOURTEEN YEARS OF AGE, AND/OR TO MINOR(S) UNDER FOURTEEN YEARS OF AGE AND THE PERSON WITH WHOM THE MINOR(S) RESIDE(S), AND/OR TO PERSON UNDER SOME LEGAL DISABILITY, INCOMPETENTS AND PERSONS CONFINED:**

**YOUR ARE FURTHER SUMMONED AND NOTIFIED** to apply for the appointment of a Guardian *ad Litem* within thirty (30) days after service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff.

Theodore von Keller, Esquire
B. Lindsay Crawford, III, Esquire
Sara Hutchins, Esquire
Crawford & von Keller, LLC.
PO Box 4216
Columbia, SC 29240
Phone: 803-790-2626

Attorneys for Plaintiff

Columbia, South Carolina

April 10, 2013

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF AIKEN | IN THE COURT OF COMMON PLEAS<br><br>CASE NO. 2013CP0201082 |
| First Citizens Bank and Trust Company, Inc.<br><br>Plaintiff,<br><br>-vs-<br><br>Edward F. Scanlon; Debra J. Scanlon; Department of Treasury - Internal Revenue Service,<br><br>Defendant(s). | **COMPLAINT**<br>(Reformation of Mortgage)<br>(Mortgage Foreclosure)<br>Non-Jury<br>(Deficiency Judgment Demanded)<br><br>COPY<br>ORIGINAL FILED<br>MAY 14 2013   9:30<br>AIKEN COUNTY<br>CLERK OF COURT |

The Plaintiff, complaining of the Defendants above-named, would respectfully show unto this Honorable Court:

1. That the Plaintiff is a corporation or other legal entity doing business in the State of South Carolina.

2. That the Plaintiff is the owner and holder of the promissory note and mortgage, hereinafter described, which are the subjects of this action.

3. The Plaintiff, in compliance with The Supreme Court of South Carolina Administrative Order Re: Mortgage Foreclosure and the Home Affordable Modification Program ("HMP"), 2009-05-22-01, filed May 29, 2009, the mortgage loan is not owned, securitized or guaranteed by Fannie Mae or Freddie Mac, and the Plaintiff, is not participating in the HMP as to non-Fannie Mae or Freddie Mac related loans.

4. That the real property hereinafter described, which is the subject of this action, is situated and located in Aiken County, South Carolina.

5. That some interest in or lien upon such real property is held or may be claimed by the Defendants herein.

6.  That on or about March 27, 2006, for value received, Edward F. Scanlon executed and delivered to First Citizens Bank and Trust Company, Inc. a certain promissory note, in writing, according to the terms and conditions set out therein, by which said maker promised to pay to First Citizens Bank and Trust Company, Inc. the sum of $405,671.00, together with interest thereon at the rate of 6.875% per annum.

7.  That in order to better secure the payment of the said note and debt, in accordance with the terms and conditions thereof, the said Edward F. Scanlon executed and delivered on March 27, 2006 a mortgage of real estate to First Citizens Bank and Trust Company, Inc., its successors and assigns, covering the following described property:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A"

8.  That on March 31, 2006, said mortgage was recorded in the Office of the Register of Deeds for Aiken County in Book 4055 at Page 723.

9.  Subsequently, and for further valuable consideration given, Edward F. Scanlon, executed and delivered to First Citizens Bank and Trust Company, Inc. a Consumer Note Modification Agreement ("Agreement") dated June 5, 2012, in the principal sum of $399,263.54, with interest thereon at the rate of 6.875% per annum. Edward F. Scanlon promised to repay First Citizens Bank and Trust Company, Inc. the amounts pursuant to the terms contained in the Agreement.

10. That said mortgage evidences and secures the repayment of money advanced by the mortgagee to, or on behalf of, the mortgagor and constitutes a first lien on the mortgaged premises.

## FOR A FIRST CAUSE OF ACTION
(Reformation of Mortgage to Correct Face of Mortgage)

11. The Plaintiff reincorporates and realleges each of the foregoing allegations as fully as if repeated herein verbatim.

12. That due to an apparent scrivener's error, the mortgage recorded omitted Debra J. Scanlon from the face of the mortgage as the mortgagor.

13. That both Edward F. Scanlon and Debra J. Scanlon executed the mortgage that is the subject of this action.

13. Therefore, that the plaintiff is informed and believes that it was clearly the intention of the interested parties to the loan that Edward F. Scanlon and Debra J. Scanlon mortgage his/her property to secure the loan.

14. That the Plaintiff is further informed and believes that it is entitled to an Order to correct the face of the mortgage to reflect Debra J. Scanlon as a mortgagor.

## FOR A SECOND CAUSE OF ACTION
(Mortgage Foreclosure)

15. The Plaintiff reincorporates and realleges each of the foregoing allegations as fully as if repeated herein verbatim.

16. That according to the terms and conditions of said note and mortgage, it is provided that, in the event of default in the payment of any installment when due, the entire principal and accrued interest shall at once become due and payable at the option of the holder.

17. That the monthly payments due on said note and mortgage are in default; that the conditions of said note and mortgage have been broken; that the Plaintiff elects to and does, declare the entire balance of said indebtedness due and payable; that the balance as of April 5, 2013 is $393,983.38; that also due and owing is interest as provide at the rate set forth in the Note; that also due are late charges and the costs and disbursements of this action, including attorney's fees.

18.     That it has become and is necessary for the Plaintiff to employ legal counsel to prosecute this action; and that a reasonable fee for the services of the Plaintiff's counsel should, according to the terms of said note and mortgage, be added to the amount of the mortgage debt.

19.     Pursuant to '37-3-105, *South Carolina Code of Laws* (1976 as amended), the mortgage lien, which is subject to this action, is a first lien on real estate and is not a *'consumer loan'* for the purposes of the South Carolina Consumer Protection Code. Any notices of right to cure have been given as required.

20.     That the Plaintiff has advanced and/or may advance certain sums for taxes and insurance and for inspecting and/or securing the subject property, which sums, according to the terms of said mortgage, should be added to the amount of the mortgage debt.

21.     That the Defendant, United States of America, is made a party hereto by virtue of certain Federal Tax Lien filed against Edward F. and Debra J. Scanlon, in the Aiken County Records as follows: Serial # 429541708, 429541808. Said tax lien is junior and subordinate to the lien of the Plaintiff herein.

22.     That the Plaintiff has the right to seek a deficiency judgment against the maker of its note, Edward F. Scanlon. That in the event that the net amount realized by the Plaintiff upon the sale of the subject property is insufficient to pay in full the total indebtedness of the Plaintiff, including costs of collection, the Plaintiff demands a personal judgment against said Defendant in the amount of such deficiency.

WHEREFORE, having fully set forth its Complaint, the Plaintiff prays that this Honorable Court inquire into the matters set forth herein; and

That the Plaintiff's mortgage be reformed to correct the face of the mortgage to include Debra J. Scanlon as a mortgagor; and

That the Plaintiff's real property be sold under the direction of this Court, that the equity of redemption be barred, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of the within action and sale, and

Second, to the payment and discharge of the amount due on the Plaintiff's note and mortgage, together with attorney's fees and costs as aforesaid, and

Third, the surplus, if any, be distributed pursuant to Rule 71 of the South Carolina Rules of Civil Procedure; and

That the Plaintiff be awarded a deficiency judgment against the Defendant, Edward F. Scanlon, in the event that the proceeds of the sale of the collateral property are insufficient to pay in full the indebtedness, including costs of collection; and

That the Court issue an Order directing the Sheriff to place the successful purchaser at the foreclosure sale in possession of the subject real property, and all persons claiming thereunder and the removal therefrom of all furnishings, fixtures and items not subject to the lien of the Plaintiff's Mortgage, which personal property, if not removed shall be deemed abandoned and shall be removed by the Plaintiff or its agents from the Mortgaged Property by placing said property on the public street or highway or by any other means, including by force if necessary; and

An Order granting the appointment of a receiver should it become necessary, to secure and supervise the rental of the property to be foreclosed with the authority to take possession thereof and collect rents, issues and profits thereon during the pendency of this action and to hold the same as further security for Plaintiff's debt; and

An Order be entered for reimbursement of all costs of inspecting and securing the property incurred by the Plaintiff as a result of the delinquency; and

For such other and further relief as may be just and proper.

*[signature]*
Theodore von Keller, Esquire
B. Lindsay Crawford, III, Esquire
Sara Hutchins, Esquire
Adam Schanz, Esquire
Crawford & von Keller, LLC.
PO Box 4216
Columbia, SC 29240

Columbia, South Carolina
April 10, 2013

Phone: 803-790-2626

Attorneys for Plaintiff

STATE OF SOUTH CAROLINA            ) VERIFICATION
COUNTY OF Aiken                    )
                                   )

PERSONALLY APPEARED before me, Danielle OGwin who, being first duly sworn on oath states that she is a Foreclosure Specialist of the Plaintiff herein, First Citizens Bank and Trust Company, Inc, and as such, it is an integral part of her employment to be familiar with First Citizens Bank and Trust Company, Inc.'s records and accounting procedures. Further, she has personally reviewed the Summons and Complaint and that the allegations thereof are true to the best of her own knowledge, except such as are stated to be upon information and as to these she believes them to be true and no portion of the amounts now due have been paid or otherwise satisfied, except as indicated in the attached pleadings.

**FURTHER AFFIANT SAYETH NOT**

By: _Danielle OGwin_ (signature)

Its:   Foreclosure Specialist

SWORN to before me this
_3rd_ day of ~~April~~ May, 2013.

_Tabitha Emanuelli_ (signature)
Notary Public for South Carolina
My Commission expires: 5/25/2014

COPY
ORIGINAL FILED
MAY 14 2013  KC
              8:30
AIKEN COUNTY
CLERK OF COURT

File No. 1308.1337

## NOTICE REQUIRED BY THE
## FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692, et seq., as amended

1. The Plaintiff named in the attached Summons and Complaint is the creditor to whom the debt is owed.

2. If the Plaintiff is different from the original creditor, the Plaintiff's firm will provide the debtor with the name and address of the original creditor, if requested by the debtor, in writing, within thirty (30) days of the receipt of this notice.

3. The debt described in the Complaint attached hereto and evidenced by the Note and Mortgage described therein will be assumed to be valid by the Plaintiff's law firm unless the debtor, within thirty days (30) after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the debtor notifies the Plaintiff's law firm, in writing within thirty days (30) of the receipt of this notice, that the debt or any portion thereof is disputed, the Plaintiff's law firm will obtain a verification of the debt, and a copy of such verification will be mailed to the debtor by the Plaintiff's law firm.

5. As of April 5, 2013, you owe $407,448.53. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, you may write or call the Plaintiff's law firm as set forth below.

6. Written requests should be addressed to Theodore von Keller, B. Lindsay Crawford, III, Sara Hutchins, or Adam Schanz, Attorneys at Law, PO Box 4216, Columbia, SC 29240. Telephone requests should be directed to said attorney at 803-790-2626

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**